**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JANE DOE,

<table>
<tr><td>Plaintiff,</td><td><u>**ORDER**</u></td></tr>
<tr><td>-against-</td><td>**25-CV-6020 (MMG)(JW)**</td></tr>
</table>

CHRISTIAN LARSEN, RIPPLE
LABS INC., and DOES 1-10,

Defendants.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 5, 2026, Plaintiff filed a motion for leave to file supplemental evidence in opposition to Defendant's motion for Rule 11 sanctions. Dkt. No. 66. The supplemental evidence ("Exhibit A") consists of an email and accompanying messages between Plaintiff and a non-party. Id. On May 12, 2026, the Court granted Plaintiff's request and allowed Plaintiff to file additional briefing by May 26, 2026. Dkt. No. 67. On May 26, 2026, Plaintiff filed her supplemental brief and in a separate letter requested leave to redact the non-party's name, phone number, and email address from Exhibit A. Dkt. Nos. 69, 68. Defendants have not opposed Plaintiff's request. For the reasons stated below, Plaintiff's request is **GRANTED**.

As a threshold matter, the public has a right to a presumption of public access to judicial documents "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Courts must "carefully and skeptically" review motions to seal "to ensure that there really is an extraordinary

circumstance or compelling need to seal the documents from public inspection." North Star IP Holdings, LLC v. Icon Trade Services, LLC, No. 22-CV-7324 (JGLC), 710 F. Supp. 3d 183, 197 (S.D.N.Y. 2024) (internal citations omitted). The burden of demonstrating that a record should be sealed "rests on the party seeking such an action." Id. (internal citation omitted).

When considering a motion to seal, courts in this Circuit first determine whether or not the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Generally, documents filed alongside a motion are judicial documents. Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19-CV-09193 (PGG), 2024 WL 5076424, at *1 (S.D.N.Y. Dec. 11, 2024). If found to be a "judicial document," the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Lugosch, 435 F.3d at 119-20. Even when sealing is appropriate, courts must then ensure that the request is narrowly tailored in relation to the countervailing factors. Id. at 120. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

Exhibit A was filed in support of a motion and is therefore a judicial document. See Monterey Bay Mil. Hous., 2024 WL 5076424, at *1. However, the specific portions of Exhibit A that Plaintiff seeks to redact "play only a negligible role in the performance of Article III duties [and] are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason." Brown v. Maxwell, 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotations

omitted).    Further, the material Plaintiff seeks to redact is "the type of personal information that should be shielded from public disclosure." Anderson v. N.Y.C. Health and Hosp. Corp., No. 16-CV-1051 (GBD) (KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020).    Therefore, the countervailing privacy concerns for the non-party outweigh the public's need for access. See e.g., MN Theaters 2006 LLC v. Grupo Cinemex, S.A. de C.V., No. 20-CV-5860 (PKC), 2020 WL 13832736, at *1 (S.D.N.Y. Sept. 9, 2020) (granting leave to file a document with redacted confidential non-public financial information).    Finally, Plaintiff's request is narrowly tailored to only those portions of the exhibit that reference the non-party's personal identifying information.    Dkt. No. 68 at 1. Accordingly, Plaintiff's motion is **GRANTED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 68 and 72.**

SO ORDERED.

DATED:    New York, New York
          June 26, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

3