USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiffs,

-against-

CHRISTIAN LARSEN, RIPPLE LABS INC., and DOES 1-10,

Defendants.

25-CV-06020 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

*Pro se* Plaintiff is Jane Doe. Defendants are Ripple Labs Inc. ("Ripple") and its Executive Chairman and co-founder, Christian Larsen. In brief, Ms. Doe alleges retaliation under the Dodd-Frank Wall Street Reform and Consumerism Act of 2010 ("Dodd-Frank") in relation to whistleblower reports she made to the Securities & Exchange Commission regarding Ripple. *See* Dkt. No. 48 ("SAC"). On January 20, 2026, Defendants renewed the motion to dismiss as to the Second Amended Complaint. Dkt. Nos. 33–34, 51, 61. On February 19, 2026, Defendants' motion to dismiss was referred to Magistrate Judge Willis for a report and recommendation ("R&R"). Dkt. No. 63.

Before the Court is Judge Willis' July 6, 2026 R&R, Dkt. No. 77, recommending the Court grant Defendants' motion to dismiss the retaliation claim against Larsen and transfer the remainder of the case to the North District of California. Defendants objected to the R&R on July 20, 2026. Dkt. No. 78 ("Def. Obj."). Plaintiff objected to the R&R on the same day. Dkt. No. 80 ("Pl. Obj."). Defendants filed an opposition to Plaintiff's objection to the R&R on August 3, 2026, Dkt. No. 82 ("Def. Opp."), and Plaintiff responded to Defendants' objection to the R&R on the same day, Dkt. No. 84 ("Pl. Opp."). For the following reasons, the R&R is

ADOPTED in part and MODIFIED in part, and the case is transferred to the Northern District of California in its entirety.

## DISCUSSION

The Court incorporates and adopts the factual and procedural background fully set forth on pages two through five of the R&R.

## I. STANDARD OF REVIEW ON A REPORT & RECOMMENDATION

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When objections are filed, "[t]he district judge must determine *de novo*" those portions of the report and recommendation to which proper and specific objections have been made. Fed. R. Civ. P. 72(b)(3). A district court will review portions of the report and recommendation to which no timely objections have been made for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358–59 (2d Cir. 2025).[1]

## II. THE CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA IN ITS ENTIRETY

The R&R found that this Court does not have personal jurisdiction over Defendant Larsen and that venue in the Southern District of New York is improper. Neither party objected to these conclusions. Having reviewed the record and the R&R, the Court finds that those findings are well-supported by the law and the facts in this case and are not clearly erroneous, and thus adopts those findings in full. *See Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226–27 (S.D.N.Y. 2008).

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

The only remaining objections to consider are Plaintiff's objections to the R&R's recommendation that the claims as to Defendant Larsen be dismissed, and Defendants' objections to transferring the case rather than dismissing the claims in their entirety.

Ordinarily, a court should not reach the merits of a case that is being transferred for lack of personal jurisdiction or improper venue. However, "[i]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)). Any such "peek" at the merits, or subsequent identification that a case is a "sure loser," must be constrained to those cases where it is obvious that the case cannot succeed as a matter of law and dismissal before transfer is thus clearly and unmistakably in the interests of justice, lest the court run afoul of the "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *see, e.g.*, *Phillips*, 173 F.3d at 611 (the statute of limitations had expired prior to the filing of the appeals at issue); *Daniel*, 428 F.3d at 436 (plaintiffs lacked standing to pursue claims); *Adeleke v. U.S.*, 355 F.3d 144, 151–53 (2d Cir. 2004) (plaintiff failed to allege a necessary element of due process claim). In contrast, it would "plainly be inappropriate" to engage in a "more in-depth review of Defendant's arguments on the merits, where Defendant has not consented to personal jurisdiction" and where "[r]esolution of Plaintiff['s] claims would . . . require more than a 'peek at the merits.'" *Perez v. Alejandro*, No. 24-CV-01965 (LTS), 2025 WL 438271, at *3 (S.D.N.Y. Feb. 7, 2025).

Here, Plaintiff's claims are not so blatantly deficient that they should be deemed "sure losers" without wading beyond the cursory review appropriate before transfer. Because the "sure loser" analysis must be made as if the case were already in the Northern District of California, the caselaw from this District, cited in favor of dismissal in the R&R and Defendant's Opposition, is unpersuasive. *See* R&R at 15 (citing *Katzel v. Solmssen*, No. 20 Civ. 7220 (AKH), 2021 WL 11661015, at *3 (S.D.N.Y. Mar. 15, 2021)); Def. Opp. at 2 (same). The principle of *Katzel*, that Dodd-Frank "by its plain language, does not extend liability to officers, employees, or agents of the employer," 2021 WL 11661015, at *3, has not clearly been adopted in the Ninth Circuit, and Plaintiff points to cases from the Northern District of California and elsewhere that suggest a different interpretation of the scope of Dodd-Frank liability. Where a legal question is subject to any reasonable debate, the matter should be decided by the court with jurisdiction after transfer.

Similarly unpersuasive is Defendant Ripple's objection that the claim against it should also be deemed a "sure loser" and dismissed before transfer. Ripple's objection turns on whether Plaintiff has adequately alleged she was an "employee" of Ripple within the meaning of Dodd-Frank. Def. Obj. at 2–4. While Ripple may well have the better of the argument, this issue is not analogous to the small number of cases that have found dismissal before transfer appropriate, and the resolution of this merits issue is properly entrusted to a judge in the Northern District of California.

Accordingly, the Court adopts those portions of the R&R that conclude this Court lacks personal jurisdiction over Defendant Larsen and lacks venue over the claims against both Defendants; rejects the portion that dismisses the claim against Defendant Larsen; and adopts the

portion that declines to dismiss the claim against Defendant Ripple and transfers it to the Northern District of California.

## III. DEFENDANTS' RULE 11 MOTION IS DENIED

The Court's Amended Referral Order, Dkt. No. 63, also referred Defendants' Rule 11 sanctions motion, Dkt. No. 30, to Judge Willis as a non-dispositive motion. In the interests of efficiency, the reference as to Dkt. No. 30 is WITHDRAWN, and the motion is DENIED without prejudice to renewal if permitted by the assigned judge in the Northern District of California. While the Court acknowledges that Rule 11 applies to *pro se* litigants, "Rule 11 sanctions must be imposed with caution," on any litigant. *MacDraw Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1259 (2d Cir. 1996). Even when a district court finds a violation of Rule 11, "the decision whether to impose a sanction . . . is committed to the district court's discretion." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). Sanctions are to "be reserved for extreme cases," *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), and issued "only in extraordinary circumstances," *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008). Under all the circumstances of this case, including due consideration of Plaintiff's *pro se* status, the Court finds that sanctions are not warranted. Plaintiff is cautioned that, should Defendants choose to move for sanctions in the court in Northern District of California, her conduct in the case while it was before this Court can be considered in any future determination as to whether sanctions are appropriate.

## CONCLUSION

For the reasons set forth above, the R&R is ADOPTED in part and MODIFIED in part, and the motion for sanctions is DENIED. The Clerk of Court is respectfully directed to

terminate Dkt. Nos. 30 and 33 and transfer this case to the Northern District of California.

Dated: September 30, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge